**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **CANDACE GORDON,** | * |
| | * |
| Plaintiff | * |
| | * |
| vs. | *   Case No. **RWT 03-CV-2719** |
| | * |
| **ALION SCIENCE & TECHNOLOGY,** | * |
| | * |
| Defendant | * |

**MEMORANDUM OPINION**

On June 23, 2005, this Court entered judgment in favor of the Defendant in this Title VII discrimination case. The Court issued a memorandum opinion in which it held, on various grounds, that Plaintiff's claims of disparate treatment, retaliation, and a hostile work environment all failed. Defendant now moves for attorney's fees, arguing that they are warranted because Plaintiff has failed to establish a prima facie case for any of her claims. Paper No. 45. Defendant also seeks $5,504.74 for costs incurred for printing and copying, service of process fees, witness fees, and deposition transcripts. Paper No. 39.

Defendant alleges that "Defendant . . . is entitled to attorneys fees because Plaintiff failed to make a *prima facie* case in any of her asserted causes of action." Mot. at 3. This, however, is not the standard. The Supreme Court has stated that a district court may "*in its discretion* award attorneys fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was *frivolous, unreasonable, or without foundation*, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978) (emphasis added). An award of attorney's fees is in this Court's discretion; it is not an entitlement. More importantly, the Supreme Court emphasized that not all actions that fail are "frivolous." Id. To hold otherwise "could discourage all but the most airtight claims, for seldom can a prospective

plaintiff be sure of ultimate success." Id.  This logic applies equally to the subset of failed actions in which the plaintiff has not established a prima facie case.  Here, even though the granting of Defendant's summary judgment motion was not a close question, this Court is not prepared to conclude that Plaintiff's action was so outlandish as to be sanctionably frivolous.  Thus, Defendant's motion for attorney's fees will be denied by separate order.

Plaintiff's argument to the contrary, the request for costs was timely filed. See Local Rule 109.1.a.  Nonetheless, costs will also be denied, counsel having failed to submit vouchers or bills supporting the taxation request as exhibits,[1] as required pursuant to Local Rule 109.1.b. (D. Md. 2004).

| | |
|---|---|
|   10/11/2005   <br> DATE |   /s/   <br> ROGER W. TITUS <br> UNITED STATES DISTRICT JUDGE |

---

[1] The required exhibits were not attached to the bill of costs (Paper No. 39), nor included with the subsequently-filed motion and memorandum requesting attorney fees.  (Paper No. 45).